IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT LEE ELDRIDGE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil No. 11-4058-CV-C-NKL-P |
| ) | Crim. No. 08-04041-01-CR-C-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**ORDER**

Before the Court is Robert Lee Eldridge's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies the motion in part and grants the motion in part.

**I.    Background**

On February 9, 2009, Eldridge pled guilty to a single count of being a felon in possession of firearms while an unlawful user of a controlled substance, and he was sentenced to 96 months. On February 14, 2011, Eldridge timely filed his *pro se* 28 U.S.C. § 2255 motion seeking to set aside his conviction based on prosecutorial misconduct and two claims of ineffective assistance of counsel.

**II.    Evidentiary Hearing**

On a motion to vacate, a movant is entitled to an evidentiary hearing when the

facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the record, the Court concludes that two of Eldridge's three claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary. However, as the Government concedes, Eldridge's third claim that his counsel did not provide him effective assistance in failing to file a requested Notice of Appeal warrants an evidentiary hearing.

## III. Discussion

### A. Prosecutorial Misconduct

Eldridge complains about the conduct of the prosecutor, alleging "[m]isconduct by prosecutor in so much as she failed to inform courts where or by which means Movant received mon[e]tary funds. Leading the Judge to believe that monies were obtained by illegal activit[i]es. 'Drug dealing'" [Doc. # 1 at 6]. Eldridge has not identified any monetary funds at issue at any point in his proceedings. There is no allegation that the Government had or withheld any evidence with respect to money or any other evidentiary issue, or any explanation of how the unknown monetary information could have affected the outcome of Eldridge's case.

2

Eldridge's prosecutorial misconduct claim is conclusory and does not allege facts that would excuse his failure to have raised the issue at trial or on direct appeal. Further, Eldridge's claim lacks evidentiary support in the record, and he does not show actual prejudice that resulted from the alleged error. Because Eldridge fails to explain why his prosecutorial misconduct arguments could not have been raised at trial or on appeal, or how he was prejudiced, he cannot properly raise this claim in a section 2255 motion.

### B. Ineffective Assistance of Counsel

In the first of his two claims that he was not provided effective assistance of counsel, Eldridge argues that "counsel failed to inform courts where Movant recieved monatary [sic] funds during or before sentencing. Leaving the courts to believe that monies were obtained throu[gh] illegal activit[i]es. 'D[ru]g dealing'" [Doc. # 1 at 5].

A claim of ineffective assistance of counsel [under § 2255] must be scrutinized under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland,* in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case. The first part of the test is met when the defendant shows that counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances. The second part is met when the defendant shows that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. Id. (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)).

Under the first prong of *Strickland*, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. Under *Strickland*'s second prong, the defendant also bears the burden of proving that the ineffective performance prejudiced his defense. *French v. United States*, 76 F.3d 186, 188 (8th Cir. 1996). Such a showing requires proof of a reasonable probability that the result would have been different but for counsel's deficient performance. *Id*. "A 'reasonable probability' is one which is 'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

Here, Eldridge fails to meet this heavy burden. First, his claim has no relationship to identifiable facts in the record. Eldridge pled guilty to the single charge of being a felon in possession of firearms while an unlawful user of a controlled substance, and the record does not reveal evidence involving large amounts of cash or other funds. Eldridge was not assessed a fine, and he does not further claim that the absence of this financial information altered the outcome of his case or that his counsel did not act well within the wide range of reasonable professional assistance. Given that judicial scrutiny of counsel's performance must be highly deferential, there is simply no basis to second-guess Eldridge's counsel's decision not to pursue this line of defense.

However, in the second of Eldridge's claims that he was not provided effective assistance of counsel, he argues that his counsel was ineffective because he "failed to file an appeal when movant requested that he submit an appeal" [Doc. # 1 at 4]. Failure to file an appeal if requested would constitute ineffective assistance of counsel, even without a showing of prejudice. *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992). Although Eldridge's allegation lacks specificity, "[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). Because neither the motion nor the record conclusively shows that Eldridge is not entitled to relief, this issue can only be resolved after an evidentiary hearing.

## IV.    Conclusion

Accordingly, it is hereby ORDERED that Robert Lee Eldridge's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED as to his claim for prosecutorial misconduct and his first claim for ineffective assistance of counsel. An evidentiary hearing is necessary with respect to petitioner's claim that his counsel was ineffective for failing to file a Notice of Appeal. Petitioner will receive

notice of the date for that hearing. The Federal Public Defender's Office will be appointed to represent the Petitioner for the limited purpose of that evidentiary hearing.

                                                      s/ Nanette K. Laughrey
                                                     NANETTE K. LAUGHREY
                                                     United States District Judge

Dated: June 30, 2011
Jefferson City, Missouri